IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHEILA A. RAMEY | ) | Civil Action No. 4:11-2762-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Sheila A. Ramey ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner")

denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act

("SSA"). (ECF No. 1.) The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation ("Report") wherein he suggests that the Commissioner's decision to deny benefits

be affirmed. (ECF No. 20.)  The Report sets forth in detail the relevant facts and standards of law

on this matter, and the Court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation. Plaintiff has filed timely objections to the Report. (ECF No. 22.) Plaintiffs seeks reversal of the Commissioner's decision or in the alternative remand to the Commissioner for further proceedings.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) *(quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (*citing Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "'allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ),'" not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (*quoting Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result

2

as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962). The reviewing court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir.2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the

3

next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1993). The burden of production and proof remains with the claimant through the fourth step.  However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir.1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## FACTUAL BACKGROUND

Plaintiff was born on May 5, 1955, and was 49 years old on the alleged onset date of her disability.  (Tr. 432.)   Plaintiff  has a high school education and an associate's degree in nursing. (Tr. 449-50.)  Plaintiff's  past relevant work experience includes work as a licensed practical nurse and registered nurse. (*Id.* at 450.)

## PROCEDURAL BACKGROUND

On February 15, 2006, Plaintiff filed an application for DIB, alleging disability beginning on April 11, 2005. (Tr. 109-111.) Plaintiff claims she is unable to work due to a severe latex allergy. (Tr. 136.)  Plaintiff's application was denied initially and upon reconsideration. (Tr. 71-75 & 77-79.)   On August 24, 2006, Plaintiff requested a hearing. (Tr. 83.)   On September 26, 2008, a hearing was held before an Administrative Law Judge ("ALJ").  (Tr 30-68.)   In a decision dated December 24, 2008, the ALJ found Plaintiff was not disabled because she retained the residual functional capacity to perform a range of sedentary work.  (Tr. 16-29.)  After the Appeal's Counsel

4

denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision

for purposes of judicial review under 42 U.S.C. Section 405(g). See 20 CFR § 404.981. (Tr. 1-5.)

Plaintiff requested judicial review by the district court.  While her claim for review was still

pending before the district court, Plaintiff filed a new application for DIB, on January 29, 2010,  for

the period of time after the ALJ's decision.  (Tr. 554-555.)  Plaintiff's new application was denied

on June 4, 2010. (Tr. 513-516.)    On June 18, 2010, pursuant to a motion from the Commissioner,

Plaintiff's first claim was remanded to the Commissioner for further administrative proceedings.

(Tr. 507.)  On September 21, 2010, the Appeals Council consolidated Plaintiff's applications and

issued an Order of remand.  (Tr. 508-512.)

Following a second hearing, the ALJ once again denied Plaintiff's claim because she retained

the residual functional capacity to perform a range of sedentary work. (Tr. 419-444.) The Appeals

Council denied Plaintiff's request for review, thereby making the ALJ's decision final for purposes

of judicial review. Plaintiff filed the instant action seeking judicial review on October 12, 2011.

(ECF No. 1.)

## THE ALJ'S FINDINGS

The ALJ followed the five-step sequential evaluation process to determine that Plaintiff was

not disabled. See 20 C.F.R. § 404.1520(a)(4).  At step one of the sequential evaluation process, the

ALJ found that Plaintiff had not engaged in substantial gainful activity since her April 11, 2005,

onset date, and that she was insured for purposes of receiving disability insurance benefits through

December 31, 2010. (Tr. 424-415.)  At step two, the ALJ found that Plaintiff had the following

severe impairments: Latex allergy, asthma, and polyarthritis. (Tr. 426.)  At step three, the ALJ

concluded that Plaintiff's impairments did not meet or equal a presumptively disabling impairment

listed at 20 C.F.R. 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).  (Tr. 426.)  At step

four, the ALJ, found that :

> Plaintiff retained the residual functional capacity ("RFC") to perform a range of sedentary work as defined in 20 C.F.R. 404.1567 (1) in that she could lift and carry up to ten pounds occasionally and less than ten pounds frequently; stand and walk for a total of no more than two hours in a workday; and sit throughout the workday.  She could occasionally stoop, twist, balance, crouch, kneel, and climb stairs and ramps, but never crawl or climb ladders, ropes, and scaffolds.  She had to avoid concentrated exposure to dust fumes, gases, odors, and other respiratory irritants. She could only work in a latex free environment.

(Tr. 426.)

Based on this RFC, the ALJ found that  Plaintiff could not perform any past relevant work

as a nurse. (Tr. 432.)  At step five, after assessing Plaintiff's age, education, work experience, and

residual functional capacity, concluded that Plaintiff had acquired work skills from past relevant

work that were transferable to other occupations with jobs existing in significant numbers in the

national economy and therefore was not disabled with the meaning of the Act.  Specifically, the ALJ

found that Plaintiff could perform jobs such as a doctor's telephone answering service operator,

rehabilitation clerk, or outpatient registration clerk.  (Tr. 432-433.)

## PLAINTIFF'S CLAIMS OF ERROR

Plaintiff contends that the decision of the ALJ which was affirmed by the Appeals Council

was not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ erred in:

(1) failing to properly weigh the medical and vocational opinion evidence; and

(2) failing to properly evaluate her credibility with regard to the severity of her latex allergy.

## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge rejected both of Plaintiff's arguments finding that the Commissioner's

decision was based upon substantial evidence and free of legal error and that the decision should be

affirmed.  For the reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision

## DISCUSSION

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

Medical and  Vocational Expert Testimony

Plaintiff first contends the ALJ failed to properly evaluate the medical and vocational opinion evidence.  Plaintiff argues that while the ALJ adopted the opinions of treating specialist, Dr. Weiner, an examining pulmonologist, Dr. Fechter, and treating physician, Dr. Beaver, that Plaintiff must avoid exposure to all latex products in the work place, the ALJ concluded that the portion of Dr. Beaver's opinion that the latex limitation was disabling was contradicted by a statement from Dr. Weiner that Plaintiff could work if she was placed in a latex-free environment. (Tr. 431.)  Plaintiff also contends that the ALJ committed error when he concluded that the opinion Ms. Wilkinson, a vocational expert, who testified that there were no jobs based on Plaintiff's latex restrictions, was not entitled to significant weight because Ms. Wilkinson only gave an opinion on whether or not Plaintiff could work in nursing positions. (*Id.*)  Instead the ALJ, relied on the testimony of  Frielle Gibran, the vocational expert from the second hearing, who testified that Plaintiff could perform work as a doctor's telephone answering, service operator, rehabilitation clerk, and outpatient registration clerk.  (Tr. 494 & 497.)

Upon review, the Magistrate Judge's Report correctly summarized the applicable law in this area. As set forth more fully in the Magistrate Judge's Report, the ALJ's assessment shows that he evaluated the conflicting opinions of the medical and vocational experts and resolved the conflicts as to Plaintiff's ability to work in a latex-free work. The ALJ, not the Court, has the duty to weigh the evidence and resolve any conflicts. *Hayes v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Credibility

Plaintiff next contends that the ALJ erred in his credibility assessment of Plaintiff's testimony regarding the severity of her latex allergy by failing to consider Plaintiff's work history. Under the standard set forth in *Craig v. Chater*, 76 F.3d at 591-96, subjective complaints are evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Once such underlying impairment is deemed established, the fact finder proceeds to the second step. The second step includes consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaint. See also 20 C.F.R. § 404.1529(b); Social Security Ruling (SSR) 96-7p, 61 Fed. Reg. 34483-01, 34484-85.

The ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms and proceeded to step two. At step two, the ALJ found that Plaintiff's statements regarding the "intensity, persistence, and limiting effects of her symptoms were "not substantiated by the total evidence of record." (Tr. 428.) The ALJ's summary of Plaintiff's testimony is set forth in the Magistrate Judge's Report. The ALJ concluded at the end of his summary of Plaintiff's testimony that he did not "find the testimony of the claimant as to pain

8

and other subjective symptoms to be sufficiently persuasive to establish impairment of the disabling severity alleged." (Tr. 431.) The ALJ also discussed Plaintiff's medical and vocational evidence and noted inconsistencies that were in the record prior to finding that Plaintiff's impairments did not preclude all work prior to her date last insured. (Tr. 432.)

Plaintiff disagrees with the ALJ's finding and argues *inter alia* that the ALJ failed to consider Plaintiff's long and exemplary work history. Plaintiff infers that her strong work history entitled her to a finding of enhanced credibility. *See e.g. Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983.) The Magistrate Judge noted that just because Plaintiff can point to other evidence in the record that supports her inability to work does not undermine the ALJ's analysis. The Magistrate Judge concluded that the ALJ conducted the proper credibility analysis under the Social Security Rules and cited substantial evidence to support his findings that Plaintiff's subjective complaints were not entirely credible. (ECF No. 20 at 12.) The Court agrees. It is not the responsibility of the Court to weigh the evidence. *Hays v. Sullivan* at 1456.

## PLAINTIFF'S OBJECTIONS

Plaintiff objects to the Magistrate Judge's findings that: (1) the ALJ properly weighed the medical evidence and relied on appropriate Vocational Expert testimony (2) and, the ALJ properly evaluated Plaintiff's credibility. The Magistrate Judge dealt with both of these arguments in his Report. Here, Plaintiff's objections essentially restate the arguments made to, and rejected by the Magistrate Judge. As explained by the Magistrate Judge, even when Plaintiff can produce conflicting evidence which might have caused a different result, the Commissioner's finding must be affirmed if substantial evidence supports the decision. Here, Plaintiff appears to ask the Court to weigh conflicting evidence and to arrive at a different decision. The Commissioner, not the Court,

is charged with resolving conflicts in the evidence.  *Shively v. Heckler*, 739 F. 2d 987, 989 (4th Cir. 1984.)  Having conducted a *de novo* review of the issues to which Plaintiff objects, the Court finds no basis for disturbing the Magistrate Judge's recommended disposition of this matter.  Thus, Plaintiff's objections are overruled.

## CONCLUSION

After carefully reviewing the record, including the findings of the ALJ, the parties' briefs, the Report, Plaintiff's objections, and the Commissioner's reply, the court finds that the ALJ conducted a thorough and detailed review and  that substantial evidence supports the Commissioner's decision that Plaintiff is not disabled as defined by the SSA.  Likewise, the Magistrate Judge considered each of Plaintiff's arguments and properly addressed each in turn, finding them without merit.  Having conducted the required de novo review of the issues to which Plaintiff has objected, the court finds no basis for disturbing the Report.  The Magistrate Judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by the Magistrate Judge.  The court, therefore, adopts the Report, which is incorporated herein by reference, and its recommended disposition.

For the reasons set out above and in the Report, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

December 6, 2012
Spartanburg, South Carolina

10